I'm over 500 here. May it please the court Mr. Warnock. I'm not sure I'm pronouncing his name right either. If this court were to determine that the district court never established that it had subject matter jurisdiction, then this court would have to decide what to do about it. Do you send it back with another shot at it? Do you send it back with an order of dismissal? And if so, would that order be dismissed with prejudice or without prejudice? I'm going to argue that the district court didn't have subject matter jurisdiction. I think I've already argued that. And that the only authority this court has at this point, it always has authority to determine its own jurisdiction, is to send the case back to the district court with an order to dismiss, but that the dismissal should be without prejudice. Federal criminal cases, subject matter jurisdiction, and this was kind of new to me, can have two components, one facial and the other factual. Authority for that is 15 F 3rd 592. In most cases, there's only a facial component. And all that means is, does the indictment track a federal statute sufficiently to put the defendant on notice of what he's charged with? In this case, I think that certainly appears to have been the case. It alleges that defendants conspired to distribute cocaine on board a vessel subject to the jurisdiction of the United States as defined in Title 46 U.S. Code Section 705-2C1A. Now, if the indictment hadn't charged a federal offense, then that would be a different deal. And there's case law for the proposition that the court would not have jurisdiction. Okay, so the factual component. In these MDLE cases, the government has the burden to prove to the district court at a preliminary determination to establish if the vessel comes within one of these six, quote, vessels subject to the jurisdiction of the United States categories. And as near as I can tell, that didn't happen here, unless you . . . So there's jurisdiction if this was a vessel without nationality? Beg your pardon? Do you agree that there would be jurisdiction, hypothetically, if we had a case involving a vessel that was nationless? No, I . . . No, I . . . If I've communicated that . . . I'm asking you. In a hypothetical case, not this case. In a hypothetical case involving a stateless vessel. If the vessel was interdicted in international waters, then the court would have jurisdiction, assuming there's the preliminary factual finding. Okay, that's . . . To me, that's the problem with this case is there was no preliminary factual finding. This is one of those cases where there has to be a facial . . . there's a facial component, the indictment, and then the factual component, and that's the preliminary hearing, which never happened. So I'm arguing . . . Are there any facts in the record or that you're aware of? Are there any facts in the record? Yeah, well . . . About whether Columbia accepted . . . Let me ask my question first. I'm sorry. Are there any facts in the record whether Columbia claimed this vessel under its flag? The government, as near as I can tell, relies on the pre-sentence report. And the pre-sentence report gives some facts surrounding how this boat was interdicted and surrounded and the contraband on board and how it was seized. That's the only thing I can see in the records. Okay, so what was the prosecution's determination? Well, two of them for the proposition that if there's no preliminary determination, then the district court never had jurisdiction and the remedy is to dismiss the indictment. One was a Ninth Circuit case, Verlazza. Second one was a Second Circuit case, Prado. I did decide as Eleventh Circuit case where that's not what the circuit court sent it back, gave another chance to establish subject matter jurisdiction. I want to read the language because I don't think it squares with Fifth Circuit language. This is Eleventh Circuit. When a party's failure to challenge the district court's jurisdiction is at least partially responsible for the lack of a developed record, we have said that the proper course of action is to remand the case to the district court for factual findings as to jurisdiction. That's the Egueron case. To me, that doesn't square with Fifth Circuit case law. This is Fifth Circuit case 243, F-3rd, 912. Federal courts are courts of limited jurisdiction. We must presume, presumption here, that the suit lies outside the limited jurisdiction and the burden of establishing federal jurisdiction rests on the party seeking the federal form. It's an insurance case, but to me, it makes sense to apply it in this context. The government had the burden and they didn't fulfill it, so I would argue that the Eleventh Circuit rationale shouldn't control it, that it should be dismissed. I also cite to a Supreme Court case. This is Willie v. Coastal Corp. 503 U.S. 31. The relevant language is the Court of Appeals was obligated to consider the jurisdictional challenge in full rather than simply contending itself with an inquiry into whether the district court colorably had jurisdiction. I mean, there is a sense in which, facially, the court had jurisdiction here. The indictment was sufficient. I would argue factually they didn't and I'd argue that you have to have both of those. I'd also point out there are other situations in the criminal context where there's this additional factual component. If the government wants to charge a juvenile of committing acts of juvenile delinquency, there's a certification that has to be done under 18 U.S.C. 5032. The Attorney General has to sign it. He has to allege certain facts and if he doesn't, even though the indictment is okay, the court doesn't have that. Additionally, an individual files an application for writ of habeas corpus under 28 U.S.C. 2241. Aside from the pleading, there has to be a factual determination that the person is in custody. The factual component is unusual but it exists. I'm arguing the district court didn't have subject matter jurisdiction. Here's some case law from the Fifth Circuit and the case law, what should happen in that case. This is Fifth Circuit, 858 F. 3rd, 916. Judgments made by a district court without subject matter jurisdiction are void. This is 921 F. 2nd, 565. Unless a federal court possesses subject matter jurisdiction or dispute, any order it makes other than an order of dismissal or remand is void. That's the sum and substance of my argument with the exception of dismissal with prejudice or without. Obviously, I'd love to stand up here on behalf of my client and say it should be dismissed without prejudice but I can't find case law to support that. This is a Fifth Circuit case, Griner v. United States, 900 F. 3rd, 700. Decision by a court without subject matter jurisdiction is not conclusive of the merits of the claim asserted, meaning judgment should be entered without prejudice. There's lots of other cases that say the same thing. Really, that's all I have. Unless there are questions, I'm willing to yield back the rest of my time. Thank you, counsel. May it please the court, counsel. I'd like to invite you to step back and consider for a moment that all of these arguments that the defendant raises here on appeal, he's done so for the first time on appeal. And what's even more so unusual about this case is that this case resulted from a plea agreement and that the defendant pleaded guilty pursuant to that plea agreement and then was sentenced actually to a sentence more favorable than the agreement, the bargain for in his plea agreement. And on the basis of that, he simply... You said he didn't argue below, but this is a subject matter jurisdiction issue, right? Well, your honor, I actually think that it is not. And we've laid that out in our briefing. So the Bustos case in the Fifth Circuit certainly does say that this is subject matter jurisdiction. But since that time, the Supreme Court has been clear that subject matter jurisdiction is something that courts should not kind of apply. But you're talking about like Arbaugh, which is a Title VII case. I'm sorry, say it again. You're talking about cases like Arbaugh, which is a Title VII case. At most, it cites a general principle. I'm not quite sure that's enough for us to ignore the Bustos. I think Shinseki, which is 562 U.S. 428, it's a 2011 case. I think that is the most specific case from the Supreme Court on the matter. And what I think is of particular import, and this is a quote from 435 to 436 of that opinion, it says, we have urged that a rule should not be referred to as that is its subject matter or personal jurisdiction. And to be fair on this, Shinseki is not about this statute either, right? About this statute, it is not. We're talking about you're invoking general principles from the Supreme Court. General principles of the idea that subject matter jurisdiction should not be something that the court reads into a statute. And in the Bustos opinion, this statute clearly, it says it's not an element of the offense. Therefore, it must be subject matter jurisdiction. It really is about two sentences of analysis on the matter. In this case, we can have this debate about whether Supreme Court precedent is strong enough for us to ignore circuit precedent. We can debate the legal issues concerning subject matter jurisdiction interpretation. But ultimately, we have the facts here, don't we? I mean, this was a nationless, stateless vessel. Why can't we just affirm on that sort of pretty easy basis? I believe that's absolutely correct. The facts are very clear here. And I think under the standard of review, both, well, it really, truly, there is a harmlessness problem here. Even if the court were to decide that Bustos should continue to be the law in this circuit, there is a harmlessness problem here. And that is that he has not demonstrated, he really kind of makes these arguments about when this determination should have occurred. And that's really kind of the focus or kind of a particular procedure. It needed to be a hearing. The judge needed to say a certain thing. But none of that stuff is really set out in the statute itself. And I would point you specifically to— But you're saying that a factual determination hearing is, would be legally unnecessary. I think opposing counsel's view is there was not a factual proceeding on this point, and therefore that's sort of an automatic foul. And I took your point to be sort of no harm, no foul, that we don't need to go through that. I believe that's correct. So unlike— You're not contesting that it's acquired. You're contesting that it's futile in this case. I think it is futile in this case. And I think the statute itself says, does not set out a specific procedure that the court must go through. It doesn't say when that procedure should occur. It doesn't say, you know, the procedure must look like this, in the same way that we might have in a preliminary determination or a detention hearing or some other kind of procedure. It simply says jurisdictional matters are a preliminary matter for determination by the court. You acknowledge that this is your burden as the government to establish subject matter jurisdiction? Absolutely. Your point is just you've got it with the PSR. That is correct. And so I think looking at the PSR, I want to, with respect to the harmlessness and the timing, I want to point the court to U.S. v. Nunes. It's an 11th Circuit opinion, 1 F. 4th, 976. And in that case, the 11th Circuit kind of addressed this issue of what does this determination need to occur. In that case, the district court kind of, they raised the issue, the defendant had raised the issue, unlike in this case. And there was a trial and the district court kind of looked at it at the preliminary hearing or the pretrial hearing and said, this looks like there's jurisdiction here. I'm going to make a final determination before the case goes to the jury but after we've heard the evidence presented at trial. And then the court allowed the government to present its evidence and the defendant to cross-examine the various witnesses and then at the conclusion of the evidence, the court made its final determination. And the 11th Circuit in that case said, there is not a problem. There's any issue with that is, any error there is harmless. And this is much more so in this case where the defendant never raised that issue and that's really the crux of his argument. So with respect to the facts, as you have mentioned, the PSR, I believe, is sufficient. Those facts that were laid out in the PSR, which the defendant himself acknowledged at the sentencing hearing in front of the district court, that he had reviewed them, reviewed them with his attorney, that he didn't have any objection to them, those facts in and of themselves are sufficient to make out the jurisdictional elements here. And so based on that, it is, any lack of determination there, it'd be futile to send us back to have that hearing because the court has already found facts sufficient to make out the jurisdictional elements. Something else... Do I understand correctly, government does agree that we need to vacate on the forfeiture issue? That is correct. And we have filed... That's undisputed, we should vacate on that. That is correct. Something else that I would point out with respect to the facts, counsel for the appellant raised this, kind of mentioned the idea that the vessel needed to be in international waters. That's actually not under the definition of what a nationless vessel is. That's not an element of that determination. The jurisdictional, or kind of those vessels that are subject to the jurisdiction of the United States, it's a very expansive definition of vessels that could be included. And there's nothing about a nationless vessel that requires, as you look at that statute, there's nothing that says, and that vessel must have been in international waters. That nationless vessel might be in the territorial waters of another foreign power and still fall under the definition of the statute. I also want to direct your attention to Carlton v. Ball. It's a case from this case from the civil context, but it helps establish the idea that this court has. When issues like this arise, look through the record to determine, does the record establish the facts sufficient to make out the necessary determination? And if that's true, then just affirming without any kind of remand being necessary. Was there any further questions on that issue? I'd like to turn to the Rule 11 issue. So the Rule 11 issue, counsel for the appellant didn't really address this during his opening argument, but I would like to direct your attention to the Fifth Circuit case of United States v. Leyva-Carraza. Judge Ho, you were actually on this panel. It's a 2020 opinion. It is not published. It's at 807 F Appendix 417. I actually think that the unpublished nature of this opinion reveals how much this argument lacks merit. Specifically in that case, the counsel for the government essentially read the charging document and the defendant himself acknowledged that he understood the nature of the offense, and in that case it was under the plain error standard, which applies here, this court affirmed, just almost summarily affirmed the propriety of that change of plea hearing on that basis. We have much more than that in this particular case. The court asked the defendant, do you have the indictment? Would you like the government to read the indictment to you? The defendant himself personally, not his attorney, the defendant personally waived the reading of the indictment. At that point, then the court asked the question, do you understand the nature of the offense? The defendant himself personally said that he did, and then subsequent to that, the issue of statelessness was referred to other times in reference, just through the colloquy itself, before the defendant pleaded guilty. So on that basis, I believe that this court can summarily affirm on the Rule 11 issue under the plain error standard. Unless the court has any further questions, I believe that I've covered what needs to be covered. Thank you, counsel. Thank you, Your Honor. Well, just to state the obvious here, jurisdictional issues can be raised for the first time on appeal. Counsel stated that the plea agreement was more favorable, made the circumstances more favorable for Mr. Popellego than it would have been without it. I'm not so sure about that. You've got a $100,000 money judgment that the government concedes probably shouldn't happen as part of a plea agreement. I may not have understood Judge Holmes' question, but if you affirm based on the PSR, then the probation officer, as I understood it, was the one who made the determination that this vessel was not a stateless vessel. Well, I don't know the answer to that. Again, typically in these cases, and this is my second one, the Coast Guard or somebody issues a certificate and it has all the facts. The government presents it as an exhibit to the district court preliminarily and it says, this is where we found them. We contacted by radio or telephone the authorities in such and such a country. The response was whatever it was. Based on that response, we determined that this was a vessel sailing under the flag of whatever country or that it was a stateless vessel. Then they will describe the contraband. As it stands right now, other than the PSR, there's nothing in the record to establish any of that. My client is in prison. I can't remember, but it's not anywhere near here. I have attempted to communicate with him. He doesn't speak English and my Spanish is really bad. The short answer is, I haven't communicated with him. I don't know. I'm not aware of anything in the record as it stands that would defeat the government's case, assuming that the government's case is as it's set forth in the precepts report. Your client had the chance to, this was a plea agreement. He did. Your client saw the PSR, did not object to it. Did your client have a chance to see the PSR? Apparently, he did. You're not arguing that he didn't. I'm not arguing that he didn't read the PSR. You're not arguing that he didn't have the chance to object? No. You're not arguing that he did object? No, he didn't object to anything. He didn't object to anything. He was signed off on the, that's why the forfeiture thing, he couldn't have understood it, I don't think, because he agreed to everything they said about it. His own attorney said there were no proceeds here, nobody ever got any money, and yet he just kind of went along with it. Again, I couldn't tell you why. To me, that would be a red flag that he didn't really understand it, more so than that he did. Again, I'm 30,000 foot view. That's all I have. Thank you. Thank you, counsel. We recognize that you were court-appointed and we appreciate that very much. You've done a fine job for your client. Thank you.